UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy Duncan, | ) | C/A No. 2:15-1126-JFA-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Andy Strickland, Jody Taylor, Matthew Walker, | ) | |
| David Matthews, Colleton County Sheriff's Office; | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by a local pretrial detainee. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Jimmy Duncan ("Plaintiff") indicates in his Complaint, filed with the Court on March 10, 2015, that he seeks to litigate various violations of his Constitutional Rights. (Dkt. No. 1 at 6.) The crux of this Complaint appears to be centered around Plaintiff's confinement in "lockdown" at the Colleton County Detention Center. (See generally Dkt. No. 1.) Regarding his confinement in lockdown, Plaintiff suggests that as a pretrial detainee he is locked down in his cell 23 hours a day, 6 days a week, and 24 hours a day one day a week. Plaintiff states that he is being "punished without any conviction for a crime." Plaintiff seeks declaratory relief and damages.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of

1

Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal (as to Defendants Walker, Matthew, and the Colleton County Sheriff's Office) under the provisions of 28 U.S.C. § 1915(e)(2)(B).

### DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

2

Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, three of the Defendants named by Plaintiff are entitled to dismissal from this lawsuit.

Plaintiff sues Defendants Walker and Matthew for actions associated with his judicial cases. Both Defendants are public defenders in Colleton County[1] and are not either a "person acting under color of state law" within the meaning of § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir.1976) ("A (private) attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). "A lawyer representing a client is not, by

---

[1] https://www.sccid.sc.gov/about-us/county-public-defenders/colleton. A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consol. Litig.*, 53 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

3

virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " Id. at 319 n. 9 (quoting In re Griffiths, 413 U.S. 717, 729, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973)). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty., 454 U.S. at 317–24 (1981) (public defender); Hall, 631 F.2d at 1155–56 (4th Cir.1980) (court-appointed attorney); Deas, 547 F.2d at 800 (4th Cir.1976) (private attorney); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Careful adherence to the 'state action' requirement ... also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); Fleming v. As bill, 42 F.3d 886, 890 (4th Cir.1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). These Defendants are not amenable to Plaintiff's § 1983 claim, and accordingly, should be dismissed as parties to this lawsuit as they have not acted "under color of state law."

Additionally, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. In South Carolina, sheriffs' departments are considered state agencies. *See Carroll v. Greenville Cnty. Sheriff's*

*Dep't*, 871 F.Supp. 844, 846 (D.S.C.1994) ("It is well established in this state that a sheriffs office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13–1041–RMG, 2013 WL 5372795, at *1 (D.S.C. Sept.24, 2013). Because Colleton County Sheriff's Office is a state agency that is entitled to immunity, the undersigned recommends it be summarily dismissed.[2]

### RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss Defendants Walker, Matthew, and the Colleton County Sheriff's Department as party Defendants in this case. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202–04 (4th Cir.1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants to answer or otherwise plead as to all allegations against them in the Complaint.

Plaintiff's attention is directed to the important notice on the next page.

May 22, 2015  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

---

[2] As to Defendant Strickland, there appears to be a factual question as to whether he is being sued in his official capacity as Sheriff, or independently in his role as Warden over the detention center with policy making authority. Accordingly, service upon him is recommended at the initial review stage. As to Defendant Taylor, Plaintiff arguably suggests that this Defendant is responsible for the implementation and execution of policies and procedures at CCDC, such that the alleged lockdowns would be at his direction.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).