IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jimmy Duncan, | ) | C/A No. 2:15-1126-JFA-MGB |
|                Plaintiff, | ) | |
| vs. | ) | ORDER |
| Andy Strickland; Jody Taylor; Matthew Walker; David Matthews; Colleton County Sheriff's Office, | ) | |
|                Defendants. | ) | |

The *pro se* plaintiff, Jimmy Duncan, is an inmate with the South Carolina Department of Corrections. At the time of the incidents giving rise to this action, the plaintiff was housed as a pretrial detainee at the Colleton County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 alleging denial of his constitutional rights. The defendant contends that he is locked down in his cell for 23 hours a day and that he is being punished without a conviction for a crime. He seeks declaratory relief and damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendants Walker, Matthew, and the Colleton County

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Sheriff's Department be dismissed as party defendants in this case. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was docketed on May 22, 2015. The plaintiff has not filed any objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge correctly opines in her Report and Recommendation, defendants Walker and Matthew, who are public defenders and performed traditional functions as counsel, are not persons acting under color of state law within the meaning of § 1983. As such, they are not amenable to suit under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).

Because defendant Colleton County Sheriff's Department is a state agency, and the State of South Carolina has not consented to suit in this court, defendant Colleton is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court adopts and incorporates the Report herein by reference. Accordingly, defendants Walker, Matthews, and Colleton County Sheriff's Department are dismissed from this action.

With regard to defendant Strickland, the Magistrate Judge notes that there appears to be a factual question as to whether he is being sued in his official capacity as Sheriff, or independently as Warden over the detention center. The Magistrate Judge has authorized service upon defendant Strickland.

The Clerk is directed to return this matter to the Magistrate Judge for proceedings as to defendant Strickland.

IT IS SO ORDERED.

July 29, 2015                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge